

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER ON MOTION

Appellate case name:          Ex parte Matthew Leachman

Appellate case number:     01-16-00787-CR

Trial court case number:     1522187

Trial court:                          248th District Court of Harris County

On January 22, 2019, the State filed a response in opposition to appellant's motion to stay mandate. On January 30, 2019, appellant, Matthew Leachman, filed a pro se "Appellant's Motion to Recall Mandate and Appellant's Reply to State's Response in Opposition to Appellant's Motion to Stay Mandate." Appellant requests that this Court withdraw its mandate, issued on January 18, 2019, and to stay further issuance, under Texas Rule of Appellate Procedure 18.2, because he intends to file a petition for a writ of certiorari to the U.S. Supreme Court after the Court of Criminal Appeals denies his rehearing motion.

This Court's judgment was issued on June 19, 2018, and appellant's Further Motion for Rehearing was denied on August 16, 2018. On November 2, 2018, appellant filed a pro se petition for discretionary review, which the Court of Criminal Appeals refused on December 5, 2018, and it denied his rehearing motion on January 9, 2019.

Although no motion to stay has been filed here, it would be moot because Rule 18.2 only allows this Court to stay the issuance of its mandate prior to its issuance, and it already issued on January 18, 2019. *See* TEX. R. APP. P. 18.2. In any event, this Court lacks jurisdiction to consider a motion to recall or to stay the mandate because its plenary power expired 30 days after it denied appellant's Further Motion for Rehearing on August 16, 2018, or October 15, 2018. *See* TEX. R. APP. P. 19.1(b). After the expiration of its plenary power, this Court cannot vacate or modify its judgment and Rule 19.3 limits this Court to items such as correcting clerical errors in its judgment/opinion. *See* TEX. R. APP. P. 19.3(a)-(d). Because appellant's motion does not fall under one of the permitted post-plenary power items under Rule 19.3, it must be dismissed.

Accordingly, appellant's motion is **dismissed** for lack of jurisdiction.

Judge's signature:  _____/s/ Laura C. Higley_____

                              x  Acting individually ☐ Acting for the Panel

Date:  _February 5, 2019_____